STATE OF CONNECTICUT *v.* RICHARD BEMBER
(13406)

Lavery, Heiman and Hennessy, Js.

Argued May 30—decision released September 19, 1995

*Linda S. Denholtz*, assistant public defender, for the appellant (defendant).

*Leah Hawley*, assistant state's attorney, with whom, on the brief, were *Donald A. Browne*, state's attorney, and *Cornelius P. Kelly*, assistant state's attorney, for the appellee (state).

LAVERY, J. This is an appeal by the defendant from a judgment of conviction, after a jury trial, of the crime of escape in the first degree in violation of General Statutes §§ 53a-169 (a) (2)[1] and 18-100 (e).[2] The disposi-

---

[1] General Statutes § 53a-169 provides in pertinent part: "(a) A person is guilty of escape in the first degree (1) if he escapes from a correctional institution or (2) if he escapes from any public or private, nonprofit halfway house, group home or mental health facility or community residence to which he was transferred pursuant to subsection (e) of section 18-100 or from his abode to which he was released pursuant to subsection (f) of section 18-100 and he is in the custody of the commissioner of correction or is required to be returned to the custody of said commissioner upon his release from such facility . . . ."

[2] General Statutes § 18-100 (e) provides: "If the commissioner of correction deems that the purposes of this section may thus be more effectively carried out, he may transfer any person from one correctional institution to another or to any public or private nonprofit halfway house, group home or mental health facility with the concurrence of the warden, superintendent or person

tive issue is whether a jury instruction that allowed the jury to find the defendant guilty of first degree escape either by leaving a community residence or by failing to report to his parole officer is legally insufficient as a matter of law. We answer in the affirmative on the basis of *State* v. *Woods*, 234 Conn. 301, 662 A.2d 732 (1995), and we reverse the judgment.

The bill of particulars alleged that the defendant committed the crime of escape in the first degree by failing to reside at his approved community residence at 299 West Avenue in Bridgeport and by failing to report to his parole officer as directed.

The facts pertinent to this appeal are as follows. In April, 1992, the defendant was transferred into the supervised home release program pursuant to § 18-100 (e). At the time of his transfer, the defendant met with his parole officer and signed an agreement containing twenty-one conditions of release. One of the conditions was to report as directed to his parole officer.[3] From April 30, 1992, until July 15, 1992, the defendant reported as instructed. On July 15, 1992, the defendant called to inform his parole officer that he was ill. The defendant reported the following week as instructed, but then missed two subsequent appointments. After reporting on August 12, 1992, the defendant did not report for two subsequent appointments.

The parole officer made several attempts to ascertain the defendant's whereabouts. He testified[4] that he made two home visits to the defendant's residence, a two-story rooming house, but was unable to locate the

in charge of the facility to which said person is being transferred. Any inmate so transferred shall remain under the jurisdiction of said commissioner."

[3] On May 27, 1992, the parole officer informed the defendant that his parole status was being reduced from intensive to maximum, requiring the defendant to report only once a week.

[4] We set forth the testimony to show that it was a matter of credibility whether the defendant was living at the community residence.

defendant. He also testified that he mailed the defendant two letters at the defendant's address to advise him of the necessity to report. Because the letters, which had return addresses, were not returned to the parole officer, he testified that he assumed that they had been delivered.

The parole officer testified that, on an October 9, 1992 home visit, Liz Jones, who claimed to be the landlord, told him that the defendant no longer resided at that address. In direct contradiction to this testimony, Angelo Framularo, the owner of the rooming house, stated that Jones was neither the landlord nor a resident of his rooming house and that the defendant was a continual resident from July, 1992, to April, 1993. Framularo also testified that tenants had often experienced difficulties in receiving their mail and that he made an effort to ensure that the residents did receive it. Framularo testified that he was present on one occasion when the defendant received a letter from the parole department.

The dispositive issue on this appeal is whether the trial court's instruction to the jury that it could find the defendant guilty of escape in the first degree solely on the basis of his repeated failures to report to his parole officer was legally improper.

The trial court instructed the jury as follows: "Our Supreme Court has construed escape as used in General Statutes § 53a-169 to mean absconding from supervision. This definition would include leaving the community residence or repeated failures to report as scheduled. . . . The state has charged the defendant with the crime of escape, as I have defined it for you. Yet keep in mind that the state has alleged that the defendant committed the crime of escape in one of two ways—namely by leaving a community residence or by failing to report to his parole officer." The defendant

took an exception to this charge on the issue of whether nonreporting to a parole officer would be considered escape.

"To determine whether an error in the charge to the jury exists, we review the entire charge to determine if, taken as a whole, the charge adequately guided the jury to a correct verdict." (Internal quotation marks omitted.) Id., 307. "A failure to provide adequate instructions on the elements of a crime, because of its potential for violation of the defendant's due process rights . . . invokes the reasonably possible standard of review. In this case, because the alleged error relates to the elements of the crime charged, reversal of the defendant's conviction and a new trial are mandated if, in the context of the charge as a whole, it is reasonably possible that the jury was misled. . . . Under the facts and circumstances of this case, we conclude that a reasonable possibility exists that the jury was misled as to the conduct that constitutes an escape under § 53a-169 (a) (2)." (Citations omitted; internal quotation marks omitted.) Id., 308.

"The jury was charged that it could find the defendant guilty if it found only that he had repeatedly failed to report. Such an instruction improperly equates failure to report with an escape. While failure to report may be evidence that the defendant has left his designated place of confinement, it is not enough, standing alone, to prove an unauthorized physical departure from the designated place of confinement. Such a departure is necessary for there to be an 'escape' within the meaning of § 53a-169 (a) (2)." Id., 311. Evidence that the parole officer sent letters and visited the designated residence might well support a finding of physical departure. "Although we recognize that such evidence existed in this case, the reasonable possibility that the jury was misled to convict the defendant solely because of his

failure to report requires a reversal of his conviction." Id., 312.

"Viewing the charge as a whole, we are persuaded that it is reasonably possible that the jury was misled to believe that it could find the defendant guilty of escape in the first degree solely on the basis of his failure to report to his supervising officer as scheduled. We conclude, therefore, that the court's charge to the jury did not fulfill its mandate to be accurate in law, adapted to the issues and adequate to guide the jury in reaching a correct verdict." (Internal quotation marks omitted.) Id.

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.